## Graeff *against* Hitchman.

If a partner borrow money and give his individual note for it, it does not become a partnership debt, by reason of the application of the money to partnership purposes. But if there be a dormant partner the law is otherwise, and the firm is chargeable with the debt, if the money was applied to the business of the partnership.

ERROR to the common pleas of *Somerset* county.

This was an action of *assumpsit* by Robert Hitchman against John Graeff, John Atchison and James Atchison. The first count in the plaintiff's declaration charged the defendants with having been partners in trade, and that a note of John Atchison to James Atchison, endorsed by the said James, and at their instance by the plaintiff, Robert Hitchman, was placed in bank, and was discounted, and the funds went to the said firm for the business of their partnership; and that it was afterwards paid by the said plaintiff; by reason whereof the said firm became liable to pay the said note. The common money counts were also contained in the plaintiff's declaration.

The opinion of the court below (Thompson, President,) was, that the plaintiff could not recover on the first count in the declaration, which was upon the note; but that, if the jury believed that Graeff was a secret partner, and the proceeds went into the business of the partnership, the plaintiff might recover on the money counts in the declaration

This opinion was alleged to be erroneous.

*Forward*, for plaintiff in error, cited 15 *East* 6; 2 *Eng. Com. Law Rep.* 189.

*C. Forward* and *Austin*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—If a partner borrows a sum of money, and gives his own security for it, it does not become a partnership debt, by being applied to partnership purposes. Bevan *v.* Lewis, Stokes *v.* Whitaker, 1 *Simons* 376; 2 *Eng. Chan. Law Rep.* 189; and in Emily and others, assignees of Burrough, a bankrupt, *v.* Lye and others, 15 *East* 6, it is held, that when one of two partners draws bills of

[Graeff v. Hitchman.]

exchange, in his own name, which he procured to be discounted with a banker, through the medium of the same agent who procured the discount of other bills, drawn in the name of the partnership firm, with the same banker, the latter has no security against the partnership, either upon the bills so drawn, by the single partner, or for money had and received, through the medium of said bills; though the proceeds were carried to the partnership account; the money being advanced solely on the security of the parties whose names were on the bills, by way of discount, and not by way of loans, to the partnership. And the law is the same, although the banker conceived, at the time, that all the bills were drawn on the partnership account. The defendants cannot be charged *on the bills*, for that would render a stranger liable, who procures his bills to be discounted, without putting his name upon them. Fenn *v.* Harrison et al., 3 *T. R.* 757; 4 *T. R.* 177.

A person who discounts a bill, must be satisfied with the responsibility of the person whose name is on it, and cannot resort to others, whose names do not appear on it, however they may be benefitted by such discount. Seffton *v.* Walker, 1 *Camp.* 104; Mason *v.* Ramsey, 1 *Camp.* 384. The presumption is, that the advances are made on the credit of the person whose name appears on the bill where the partnership is known, unless there be a special contract between the parties at the time. The understanding of one of them, as is ruled in the cases cited, will not enable the holder of the note to recover, either on the bill, or on account for money he had received. It is treated as a discount of a bill, and not a loan. But where there is a special contract, as is most clearly intimated, in Emily, &c. *v.* Lye, the ~~loan~~ is otherwise. It is held, to be a loan to the partnersip, and although the firm would not be liable on the bill, for the reasons stated, yet they would be responsible on the money counts. 15 *East* 6. And in the case of a dormant partnership, without any special agreement, when the bill is discounted for the firm, and the proceeds applied to their use, the firm would be liable, for there is no difference between the discount of a bill and the sale of any article of merchandise, and it is clear, in the latter case, the firm would be responsible. A dormant partner is liable, not because credit is given to the firm, for the firm is not here known to exist; but because he is a participant in the profits, and takes from the creditors a part of the fund which is the proper security to them, for the satisfaction of their debts, and upon which they have a right to rely for payment. Grace *v.* Smith, 2 *Blac. R.* 998. No inference can be drawn, as in the case of a known and ostensible partnership, that the advances were alone made on the credit of the persons whose names are on the bill, nor can it be intended, that the holder agreed to forego his right of action against others who secretly partook of the profits. When there is a dormant partnership, consisting of two persons, it becomes the debt of the firm, although the bill is necessarily signed by one only. Where

[Graeff v. Hitchman.]

it is intended for partnership purposes, and is so applied, it is substantially a loan to the company, which superinduces their liability. They become indebted to the holder of the bill, who advanced the money, and although there is no remedy on the bill, because the law will not supply by intendment, the names of others in order to charge them, yet the money may be recovered on the money counts. The counsel, on the argument, abandoned all idea of recovering on the bill itself, and rested their right of action on the count for money had and received.

Judgment affirmed.