## Collins *versus* Smith.

78　　423
f41SC³ 41

1. Collins by agreement under seal with Murphy sold him a boat undergoing repair, for part cash and the remainder in payments of $20 per month, Collins reserving the "right and possession of the boat till the whole was paid, Murphy having the right to sell the boat upon paying Collins what might be due on it." Murphy paid part of the purchase-money and afterwards Smith paid part of the balance, and then endorsed on the agreement, that he agreed to enter into a partnership with Murphy, "on the within agreement, and account to Collins for the full amount of the agreement." In an action of assumpsit in the common counts under the general issue by Collins against Smith to recover the balance due: *Held*, that the agreement and endorsement were evidence.

2. Smith, by the endorsement, made the original contract with Collins his own.

3 The non-joinder of a co-contractor can be taken advantage of only by plea in abatement.

4. If the declaration is on an individual contract, a joint contract is not a variance.

5. Bellas *v.* Fagely, 7 Harris 275; Chorpenning *v.* Royce, 8 P. F. Smith 474, approved.

May 5th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lancaster county:* No. 74, to May Term 1875.

This was an action of assumpsit, brought January 10th 1862, by Abraham Collins against Henry H. Smith. The declaration was in the common counts; the defendant pleaded non-assumpsit, and payment with leave and set off.

The case was tried February 8th 1875, before Livingston, P. J.

[Collins *v*. Smith.]

The plaintiff offered in evidence the following agreement under seal:—

"Articles of agreement, made and entered into this 7th day of August A. D. 1857, between Abraham Collins, merchant, &c., of the one part, and James Murphy, of, &c., boatman, of the other part, as follows: The said Abraham Collins promises and agrees to sell, and hereby doth sell to the said James Murphy, a certain boat, named Elizabeth Collins, now undergoing repairs on the dock, for the sum of three hundred dollars. One hundred dollars of said purchase-money to be cash, the remaining two hundred dollars to be paid in payments of twenty dollars each month during boating seasons, with interest at six per cent. on all moneys unpaid, the said Abraham Collins reserving the right and possession of said boat until the full sum of three hundred dollars is paid, with interest as above named.

" The said James Murphy hereby covenants and agrees to pay the said Abraham Collins the sum of three hundred dollars, in payments above mentioned. The said James Murphy promises and agrees to pay to Abraham Collins the repair bill for repairing the said boat, amounting to ———, in addition to the three hundred dollars purchase-money. The said James Murphy reserving the privilege to sell the said boat at any time he sees proper, providing he will pay all moneys due to Abraham Collins arising out of sale of said boat."

There were endorsed on the agreement three receipts for payments by Murphy amounting together to $180. Also, a receipt dated October 4th 1858, for $250 from H. H. Smith.

Also, the following: " I, Henry H. Smith, of, &c., do hereby agree to enter into copartnership with James Murphy on the within agreement, and account to the within named Abraham Collins for the full amount of the within agreement.

October 4th 1858.          HENRY H. SMITH."

The offer was objected to by defendant, rejected by the court and a bill of exceptions sealed.

The plaintiff then offered to prove that on the 4th of October 1858, the plaintiff having in his possession the boat owned by him, sold and delivered it to the defendant, and that he retained it ; that the price was $605.95, on which plaintiffs had received $430, leaving $175.95 due.

Also, that this boat had been sold by the plaintiff to James Murphy, and delivered to him in August 1857. That in September 1858 Murphy returned and surrendered the boat to the plaintiff. That the surrender was accepted by the plaintiff. That the plaintiff subsequently, with the knowlege and consent of Murphy, sold and delivered the same boat to H. H. Smith, the defendant, to be followed by evidence that James Murphy and H. H. Smith were not then partners, nor subsequently ?

[Collins *v*. Smith.]

These offers were objected to because the agreement was, on October 4th 1858, reduced to writing.

The offers were rejected and several bills of exceptions sealed.

Plaintiff offered to prove by James Murphy that, on October 4th 1858, he was not a partner of Smith, the defendant, nor was he a partner of defendant prior nor subsequent thereto; and that he was not a party to the sale of the boat by plaintiff to defendant on October 4th 1858; and that by said sale to Smith, the defendant, witness acquired no interest in the boat; that the purchase by defendant was exclusively on his account, to be followed by the written paper before ruled out. This was objected to by defendant, rejected by the court and a bill of exceptions sealed.

There were similar offers made and rejected, and the plaintiff having closed, the verdict was for the defendant.

The plaintiff took a writ of error, and assigned for error the rejection of his several offers of evidence.

*H. M. North* (with whom was *G. M. Kline*), for plaintiff in error. —The agreement showed that it was the individual contract of Smith; and if it had been joint, it could have been taken advantage of only by plea of abatement: Chorpenning *v*. Royer, 8 P. F. Smith 474; Bellas *v*. Fagely, 7 Harris 275.

*O. J. Dickey*, for defendant in error.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 17th 1875.

The action being indebitatus assumpsit, and the *narr.* containing a count for goods sold and delivered, the agreement of August 7th 1857, with the endorsement thereon, and the paper signed by the defendant, also endorsed thereon, was, we think, admissible in evidence as an executed contract for the purchase of the canal-boat named in the agreement, upon the terms therein specified. Giving entire assent to the contention of the defendant that he thereby entered into copartnership with the original contractor, he made the contract his own contract, even if he had not expressly agreed, as he did, " to account to the within-named Abraham Collins for the full amount of the within agreement." Was it any answer to the action to set up that there was another person liable to him on the contract jointly with him? There is nothing better settled than that the non-joinder of a co-contractor can only be taken advantage of by a plea in abatement. It would be an affectation of learning to cite authorities for this proposition. We have our own cases of Bellas *v*. Fagely, 7 Harris 275; Chorpenning *v*. Royer, 8 P. F. Smith 474—full to the point. Nor does it matter that the declaration is upon an individual contract. A joint contract is not at variance with the count. It is still the undertaking of

[Collins *v.* Smith.]

the defendant *in solido*; though being with another, he has the right to have that other brought in, but only in the very first stage of the cause, by plea in abatement. Had the written evidence been admitted, as it ought to have been, the other offers would have been unnecessary; and certainly the learned judge was right in rejecting them, as the contract was in writing.

Judgment reversed, and a *venire facias de novo* awarded.