# Henry *v.* Lilley, Appellant.

*Res adjudicata—Record—Cause of action—Case for jury—Pleading—Trial on merits.*

1. An action to recover damages for bodily injuries inflicted upon the plaintiff by the defendant's employees in ejecting her from and tearing down a house she occupied as the defendant's tenant, is not res adjudicata as a matter of law by reason of a prior action by the plaintiff against the defendant to recover damages for injuries to furniture and effects caused by the tearing down of a house, where the record of the prior action shows a settlement and discontinuance, and the plaintiff denies the authority of her attorney to make such a settlement; such a case is for the jury.

2. After a defendant has pleaded the general issue and gone to trial on the merits, it is too late for him to set up for the first time the pendency of a prior action to defeat the action on trial.

Argued Nov. 17, 1909. Appeal, No. 154, Oct. T., 1909, by defendant, from judgment of C. P. Chester Co., Oct. T., 1908, No. 37, on verdict for plaintiff in case of Sarah Henry *v.* John R. Lilley. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HEMPHILL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Walter E. Greenwood,* with him *Robert S. Gawthrop,* for appellant.

*J. Frank E. Hause,* for appellee.

PER CURIAM, December 13, 1909:

This was an action of trespass in which the plaintiff claimed both compensatory and punitive damages for bodily injuries inflicted on her by persons employed by the defendant to eject her from and tear down a house she occupied as the defendant's tenant. The defendant pleaded not guilty, and on the trial of the case offered in evidence the record of a prior action brought by her against him. He has not set forth in his paper-book a copy of the statement filed in that case, but we gather from the cross-examination of his witness, the attorney who drew the statement, that the gravamen of the action was that with force and arms the defendant broke through the roof of the house in which the plaintiff lived, thereby causing large holes to be made in the roof, through which the rain leaked and spoiled the household furniture, beds, bedding and carpets of the plaintiff, also broke a large number of windows in the house and damaged the porch. The record of the disposition of that suit is as follows: "January 28, 1908, this case discontinued and settled. Harris, plaintiff's attorney." This entry was made several months before the present action was brought. The question upon which this appeal turns is whether the court erred in refusing the defendant's point, which was as follows: "The prior suit and the settlement by her attorney of record is a bar to recovery in this case."

The oral evidence introduced by the defendant to show the authority of the attorney to settle the plaintiff's claim was controverted by the plaintiff in her testimony; therefore, the court could not have taken that question from the jury and charged that the alleged settlement was a bar, even though it be assumed that it was intended by the attorney and the defendant to cover damages for the bodily injuries inflicted upon the plaintiff as well as damages for the injury to her household goods.

Nor could the court have declared from an inspection

of the record and pleadings in the prior action that the present action was barred, even though the discontinuance be disregarded: First, because the record does not show that it was for the same injury, or for an injury caused by the identical act, complained of in the present action; secondly, because, having pleaded the general issue and gone to trial on the merits, it was too late for the defendant to set up for the first time the pendency of a prior action to defeat the action on trial. For a full discussion of the question as to the time and mode of pleading the pendency of a prior suit for the same cause of action, we refer to Becker v. Lebanon & Myerstown Street Railway Co., 25 Pa. Superior Ct. 367, and the cases there cited.

What would have been the effect of a judgment in the prior action, supplemented by proof that the injury to property there complained of and the injuries to the person complained of in the present action resulted from the same wrongful act, is a question which has been the subject of conflicting decisions in different jurisdictions. But as it does not arise from this record, we are not called upon to discuss it.

The assignments of error are overruled, and the judgment is affirmed.