# DeTemple v. Rohrbach, Appellant.

*Partnership—Dormant partner—Promissory notes—Note under seal.*

1. If a partner borrows money and gives his individual note for it, it does not become a partnership debt by reason of the application of the money to partnership purposes, but if there be a dormant partner the law is otherwise and the firm is chargeable with the debt if the money is applied to the business of the partnership.

2. Where there is a dormant partnership consisting of two persons, and the active partner makes a note in his own name and applies the proceeds thereof in the partnership business, and afterwards at the request of the payee of the note, and in substitution thereof, he makes a note under seal and signs it with the name under which the firm trades, no fraud is committed on the dormant partner, and he will be liable on the second note although it was made without his knowledge.

Argued Nov. 12, 1912. Appeal, No. 22, Oct. T., 1912, by George A. Weidner, from judgment of C. P. Berks Co., Sept. T., 1910, No. 122, on verdict for plaintiff in case of Howard DeTemple v. Daniel Rohrbach and George A. Weidner, trading and doing business as D. Rohrbach Hat Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from judgment of aldermen.

WAGNER, J., filed the following opinion:

This is an action of assumpsit which came into court upon an appeal from the judgment of an alderman. Suit was brought by the plaintiff against the defendants for the recovery of $233.59, being balance claimed to be due on money loaned by the plaintiff to the defendants. The jury returned a verdict for the full amount for which suit was brought.

The defenses to this claim were purely technical. The defendants, or, rather, one of them, George A. Weidner, contended that the loan was not made to the D. Rohrbach Hat Company, but upon a note of Daniel Rohrbach upon which his wife, Gertrude, was security; that the loan was made without the knowledge and consent of the other part-

ner of the firm, George A. Weidner; that the defendant firm could not be held liable for the money so obtained, and that it was a claim against Daniel Rohrbach and his wife, Gertrude Rohrbach, and not against the defendant firm. The evidence is that Daniel Rohrbach had been engaged in the hat business under the name of D. Rohrbach Hat Company; that whilst he was so engaged, George A. Weidner, according to his own testimony, became a member of this company and a partner of Daniel Rohrbach, and that the said George A. Weidner purchased a one-third interest therein in consideration of the payment of $900. It was during the time that this partnership existed that this loan was procured. It was also admitted by George A. Weidner that the entire supervision and management of the business was intrusted to Daniel Rohrbach by him. It was further admitted that upon at least one prior occasion the said Daniel Rohrbach had made a loan for the purposes of the partnership business. The undisputed evidence in this case is that Daniel Rohrbach obtained a loan from the plaintiff for $350; that before said loan was made the plaintiff made inquiry as to the financial standing of the D. Rohrbach Hat Company; that a statement was given to him showing the assets and liabilities of the company; that Daniel Rohrbach stated that he wanted the money for the business of the company; that a promissory note with a warrant of attorney to confess judgment was given for said amount of $350. This note and warranty of attorney was signed, under seal, by Daniel Rohrbach and his wife, Gertrude Rohrbach. The name of the D. Rohrbach Hat Company, not under seal, was also signed to said note by means of the rubber stamp of the company.

The money advanced to the D. Rohrbach Hat Company was given to the firm by a check made to its order. This check was deposited to the account of the D. Rohrbach Hat Company, and the money checked out by partnership checks for partnership purposes. The evidence conclusively showed that the loan was not made to the

individuals, Daniel Rohrbach and Gertrude, his wife, but to the D. Rohrbach Hat Company for its uses and purposes. As the active partner, Daniel Rohrbach clearly had the right to borrow money upon the credit of the partnership for partnership uses: Real Est. Investment Co. v. Smith, 162 Pa. 441; Boyd v. Thompson, 153 Pa. 78; Chatham Nat. Bk. v. Gardner, 31 Pa. Superior Ct. 135, 139; Hoskinson v. Eliot, 62 Pa. 393. This he had the power to do and bind his partner even though the other partner was not an active but a dormant partner: Shamburg v. Ruggles, 83 Pa. 148; DeFord v. Reynolds, 36 Pa. 325; Morrison v. Curry, 43 Pa. Superior Ct. 648, 652. This furthermore could be done without the knowledge and consent of this other partner, George A. Weidner: Real Est. Investment Co. v. Smith, 162 Pa. 441, where, on page 443, the Supreme Court say: "The offer of the defendant went only to show that the firm did not receive the proceeds of the loan, and that the other partner had no knowledge of it. This under the established facts did not make out a defense."

After the aforesaid note was given to the plaintiff, he learned, as he stated, that by reason of the wife of Daniel Rohrbach being on the note that "it was no good," and that thereupon he applied to Daniel Rohrbach and procured from him a second note under date of November 3, 1909. This note, it was admitted, was given the latter part of January or the beginning of February, 1910, and antedated. This second note was a promissory note with a warrant of attorney authorizing entry of judgment, and signed by the D. Rohrbach Hat Company under seal.

It was claimed by the defendants that the debt was merged, and extinguished by the giving of these two notes, and that the plaintiff could not bring suit for money loaned and received but was obliged to bring an action upon either one of these notes. In the case of Hoskinson v. Eliot, 62 Pa. 393, it was held that a note thus given by one partner in the name of the firm does not merge the debt in the note. In the case of McIntyre v. Kennedy,

29 Pa. 448, the Supreme Court, on page 451, say: "But even a higher security for a debt, given by different parties, or for a different sum will, in the absence of proof of the intention of the parties, be presumed to have been accepted as collateral security, and not in satisfaction of the debt: Jones v. Johnson, 3 W. & S. 276; Eby v. Eby, 5 Pa. 440." (See also Stone v. Miller, 16 Pa. 450, 457.) Neither was it an extinguishment of the debt (see cases cited.) There was nothing in the evidence to warrant that the finding of the notes were taken as an extinguishment of the debt. In the case of Covely v. Fox, 11 Pa. 171, the Supreme Court, on page 174, say: "But it is the distinct agreement of the creditor to accept the thing in discharge of the debt, that gives it the character of payment. Without this, the transaction is regarded either as furnishing matter of set-off, or as security, collateral to the original debt; accordingly as the subject received is in possession or in action: Musgrove v. Gibbs, 1 Dall. 216; Leas v. James, 10 S. & R. 307; Weakly v. Bell, 9 Watts, 273; Jones v. Johnson, 3 W. & S. 276."

This case, as already stated, came into court upon an appeal from the judgment of an alderman. There was no declaration filed. The case was therefore to be decided upon its facts and merits only: Weiler v. Kershner, 109 Pa. 219, 222. The action therefore can be considered as an action of assumpsit for money had and received for the uses and purposes of the partnership. Of this the notes, though under seal, were evidence: Hoskinson v. Eliot, 62 Pa. 393; Schmerzt v. Shreeve, 62 Pa. 457; Fagely v. Bellas, 17 Pa. 67. That the money was received by the one partner, Daniel Rohrbach, and used by him for partnership purposes is clearly and conclusively shown by the evidence and is not denied by the other partner, George A. Weidner.

The court in its charge treated this suit as brought upon the second note dated November 3, 1909. This restricted submission to the jury, however, did the defendant no harm. Had the verdict been for the defendant, the plain-

tiff would have had just cause to complain of the manner in which it was submitted as being a too narrow and restricted view of the case.   The note of November 3, 1909, signed by the D. Rohrbach Hat Company, and given several months subsequent to the obtaining of this loan, was offered in evidence by the plaintiff.   The plaintiff also showed by an abundance of evidence irrespective of this, that is, by the submission of the check, by the testimony of the plaintiff and his father and by that of the partner, Daniel Rohrbach, that this money had been loaned to the hat company and the circumstances thereof. The contention of the defendants is that this is a suit founded upon this second note under seal of the D. Rohrbach Hat Company, and that Daniel Rohrbach, the one partner, had no authority to execute an instrument under seal.   As was just stated, the note was given subsequent to the obtaining of the loan.   It was a note given for a pre-existing indebtedness, such an indebtedness as the partner, Daniel Rohrbach, was authorized to make, and which would bind all of the partners of the partnership. Such being the case, even if this suit were to be considered as a suit upon this second note under seal, we do not think that it would alter the case.   In the case of Boyd v. Thompson, 153 Pa. 78, it was held: "A partner may execute in the firm name all instruments which fall within the scope of its business, such as receipts, bills of sale, notes, etc., and whether he appends a seal or not is wholly unimportant, as such instruments evidence a past transaction and impose no new liability."

We therefore consider that whether this action be viewed as founded upon money had and received or upon this subsequent note of November 3, 1909, the plaintiff was entitled to recover.   In this case rules for judgment n. o. v. and also for a new trial were filed.   In view of what we have just stated both are discharged.

*Error assigned* was in refusing judgment for defendant n. o. v.

*D. E. Schroeder,* for appellant.

*Joseph R. Dickinson,* with him *Jeremiah K. Grant,* for appellee.

PER CURIAM, February 27, 1913:

The general rule is, that, if a partner borrow money and give his individual note for it, it does not become a partnership debt by reason of the application of the money to partnership purposes. But if there be a dormant partner, the law is otherwise, and the firm is chargeable with the debt if the money was applied to the business of the partnership. The reason for the distinction is thus stated in Graeff v. Hitchman, 5 Watts, 454: "A dormant partner is liable, not because credit is given to the firm, for the firm is not here known to exist; but because he is a participant in the profits, and takes from the creditors a part of the fund which is the proper security to them, for the satisfaction of their debts, and upon which they have a right to rely for payment: Grace v. Smith, 2 Bl. R. 998. No inference can be drawn, as in the case of a known and ostensible partnership, that the advances were alone made on the credit of the persons whose names are on the bill, nor can it be intended, that the holder agreed to forego his right of action against others who secretly partook of the profits. When there is a dormant partnership, consisting of two persons, it becomes the debt of the firm, although the bill is necessarily signed by one only. Where it is intended for partnership purposes, and is so applied, it is substantially a loan to the company, which superinduces their liability." Applying this principle to the facts of the present case, as found by the jury upon sufficient evidence, there is no room for doubt that the firm, of which Weidner was dormant partner, was liable for the money which was borrowed for the use of the firm and was used for firm purposes. Hence, when, upon ascertaining that Weidner was a partner and as such was liable for the debt, the plaintiff obtained from Rohrbach,

the other partner, a partnership note for the debt, signed with the firm name, no fraud was committed on Weidner. It was not as if Rohrbach had given a firm note for his individual debt, and, therefore, the cases cited by appellant's counsel do not apply. This feature of the case, as well as the questions of merger and pleading, is so satisfactorily treated in the opinion of the learned trial judge overruling the motion for a new trial and for judgment n. o. v., as to render further discussion unnecessary.

The assignments of error are overruled and the judgment is affirmed.