# Johnson *v.* Weller, Appellant.

*Partnership—Dormant partner—Promissory note—Loan to partners—Parties—Misjoinder.*

1. Where the business of a partnership composed of two persons is conducted entirely by one of them in his individual name, and the other partner is dormant, the latter is liable on a note given by the ostensible partner in his individual name for money loaned and used in the partnership business.

2. Where a partner is sued jointly with a personal representative of his deceased partner, he cannot after judgment object to the misjoinder; his remedy was by plea in abatement, or amendment of the record prior to judgment.

Argued April 14, 1913.   Appeal, No. 195, April T., 1913, by defendants, from order of C. P. Forest Co., Sept. T., 1912, No. 40, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George R. Johnson, to use of Citizens' National Bank of Tionesta, v. Elizabeth Weller, Executrix of the last will and testament of A. L. Weller, deceased, and J. F. Proper,

liquidating and surviving partner of the late firm of A. L. Weller, and J. F. Proper. Before HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense. Before HINCKLEY, P. J.

From the record it appeared that the note was signed by L. Weller and made payable to G. R. Johnson, or order, for money loaned. J. F. Proper was a silent partner of A. L. Weller in the lumber business, and the proceeds of the note were used in that business. Proper filed an affidavit of defense in which he averred that Weller had no authority to make the note, and that it was made without his, Proper's, knowledge. The defendant further averred that the note was the individual obligation of Weller alone.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*D. I. Ball,* for appellants, cited: Friel v. Custer, 23 Pa. Superior Ct. 466; Andrews v. Blue Ridge Packing Co., 206 Pa. 370; Yearsley v. Glaser, 32 Pa. Superior Ct. 140; Stern v. Dwyer, 35 Pa. Superior Ct. 132; Noble v. Kreutzkamp, 111 Pa. 68; Tredway v. Kennedy, 153 Pa. 438.

*A. C. Brown,* for appellee, cited: Hill v. Voorhies, 22 Pa. 68; Graeff v. Hitchman, 5 Watts, 454; Morrison v. Curry, 43 Pa. Superior Ct. 648.

OPINION BY HEAD, J., July 16, 1913:

The statement of claim avers and the affidavit does not deny that Proper, the appellant, was in fact a partner with one Weller who borrowed the money, to recover which this suit was brought. The loan was made to prose-

cute the business of the partnership and its proceeds were directly applied to its use. These facts established, the legal conclusion follows that each member of the firm became liable for the payment of the partnership debt. It is of no consequence that the creditor, at the time the loan was made, was not aware of the fact that the appellant was a silent partner in the firm. The allegations of the affidavit that affiant did not know of the making of the loan, did not authorize, etc., are entirely unavailing to avoid the legal conclusion of liability: Hill v. Voorhies, 22 Pa. 68; Morrison v. Curry, 43 Pa. Superior Ct. 648; Boyd v. Thompson & Coxe, 153 Pa. 78.

Nor can the appellant escape the liability incident to the partnership relation on account of the alleged misjoinder in the present action of the personal representative of his deceased partner with himself. Had such objection been promptly made by plea in abatement, or otherwise, an amendment of the record would have readily disposed of the objection. The appellant suffers no harm by reason of the joinder, and it would be an abuse of the rules of pleading to reverse the judgment now on such grounds: Hoskinson v. Eliot, 62 Pa. 393.

We are all of opinion that the affidavits disclose no legal defense to the plaintiff's claim, and as a consequence the judgment entered by the court below should not be disturbed.

Judgment affirmed.

### SUR RULE FOR MODIFICATION OF JUDGMENT OR FOR A REARGUMENT.

OPINION BY HEAD, J., October 10, 1913:

On the defendant's petition a rule was granted to show cause why the judgment previously entered in this case should not be modified so as to restrict any execution thereon to partnership property or why a reargument should not be ordered.

It is conceded that defendant was a dormant or secret partner in a firm composed of himself and one Weller.

The business of the firm was conducted entirely by Weller in his individual name. When therefore he acted for the promotion of the joint concern, the defendant also acted. As long as the latter chose to remain a secret partner there was no other way in which he could act save through the act of his partner.

The facts above stated differentiate this case from the line of cases on which the appellant relies, the latest of which is Funk v. Young, 241 Pa. 72. In all of those cases the creditor had notice, actual or constructive, that he was dealing with a partnership and could properly be presumed to have advanced his money or furnished his goods relying on the partnership property or the individual property of those only who bound themselves in the transaction. In cases of dormant partners the principle is thus stated by Mr. Lindley in his Work on Partnership, Vol. 1, page 483: " As regards dormant partners, it has been seen that they are liable on all contracts entered into on behalf of the firm to which they belong, and whether such a contract is written or unwritten, express or implied, it is clear that a dormant partner may be sued upon it." In Hill v. Voorhies, 22 Pa. 73, it is said: "It is now an undoubted and universal proposition, that a dormant partner is in all cases liable for the contracts of the firm during the time that he is actually a partner. (Cases cited). This rule of law would be rendered entirely nugatory if the acceptance of a promissory note from the otensible partners, by one unacquainted with the existence of a dormant partner, precluded the creditor from his action against all who participated in the profits of the partnership." This doctrine is recognized in Graeff v. Hitchman, 5 Watts, 454; Morrison v. Curry, 43 Pa. Superior Ct. 648; DeTemple v. Rohrbach, 52 Pa. Superior Ct. 455.

Moreover, it is averred and not denied that the ostensible partner made a purchase of rails for use in the joint business. He borrowed the money to pay one-half the price thereof and gave his note to the present

legal plaintiff.  Later on the defendant paid the remaining one-half and to that extent at least recognized and ratified the act of his partner in making the purchase. The facts averred in the statement and not denied in the affidavit are sufficient to have supported a declaration with one count on the note executed by the active partner and the addition of the common counts, and upon such a declaration the plaintiff could have recovered before or since our Procedure Act.  That act dispenses with the formality previously required and demands but a concise statement of the facts with copies of the note or other instrument of writing evidencing the transaction.  The statement in the present case meets every reasonable requirement of the statute.

We are all of the opinion the judgment already entered was fully warranted and the rule to show cause is now discharged.