## Mullen *v.* McGeagh, Appellant.

*Negligence—Buildings—Defective lights—Accident in stairway— Case for jury.*

In an action of trespass to recover damages for personal injuries, the case is for the jury and the verdict for the plaintiff will be sustained, where it appeared that the latter was injured while walking down the steps of a hall, and the accident was due to the alleged inadequate lighting of the stairway.

An action of trespass brought against one of two joint owners of a property cannot be set aside because of insufficient service when the parties have gone to trial on the merits. If the defendant served saw fit to proceed with the trial on its merits, it was then too late to raise the question of misjoinder or nonjoinder of the parties.

The Act of June 29, 1923, P. L. 981, permits a recovery against one of two or more trespassers where the evidence does not justify recovery against the others. The Act provides that the suit shall not be dismissed as to all, but that the case shall be submitted to the jury, if the facts are in dispute, to determine which, if any of them, are liable, and the court in banc may enter judgment against such of the defendants as may be deemed liable, whether or not the ques-

tion of liability was reserved at the trial, and whether or not the
cause of action was alleged as against them alone, or jointly in con-
nection with others.

Argued April 26, 1926.   Appeal No. 3, April T.,
1926, by Joseph S. McGeagh, from judgment of C. P.
Allegheny County, April T., 1923, No. 1200, in the
case of Anna L. Mullen v. Joseph S. McGeagh and John
D. McGeagh.   Before PORTER, P. J., HENDERSON, TREX-
LER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.
Affirmed.

Trespass to recover damages for personal injuries.
Before MACFARLANE, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $1,100 and judg-
ment thereon.   Defendant appealed.

*Error assigned,* among others, was refusal of de-
fendant's motion for judgment non obstante veredicto.

*Charles W. Jones,* for appellant.

*William J. Askin, Jr.,* for appellee.

OPINION BY HENDERSON, J., July 8, 1926:

That the plaintiff sustained a serious injury when
she fell in descending the stairway in the McGeagh
building is shown by sufficient evidence.   It is not con-
troverted that she was lawfully on the stairway.   She
had attended a meeting on the fourth floor in a hall
leased by a mute society at which a lecture was de-
livered and was returning therefrom when she fell.
She had gone to the hall in an elevator provided by the
owners for the accommodation of tenants in the build-
ing, a seven-story structure occupied as offices and for
other purposes.   There is evidence that the elevator

was not in operation at the time the exercises were concluded in the lecture hall, for which reason the plaintiff and a number of other persons attending the meeting found it necessary to walk down a stairway located near the elevator shaft. In the construction of the stairs from the second to the first floor there were four "winders" with triangular treads having a width of about seventeen inches next to the wall and tapering to a point at what was described as the newel post. At the right as the plaintiff descended there was a handrail of which she took hold. As stated by her and other witnesses the stairway was dimly lighted or dark and in making the first or second step in her descent, she lost her footing on the tapering tread and sustained the injury complained of. This absence of sufficient light to enable her to safely descend the stairs was the principal ground of complaint. That it was the duty of the defendant to afford a convenient and reasonably safe means of exit from the building is not disputed. The duty was recognized in the provision of the elevator and the maintenance of the stairway. If, as the plaintiff testified, the elevator was not in operation, her only means of departure from the building was down the stairs. She never had gone that way before and was entitled to such illumination of the passage as would afford her a reasonable opportunity to observe the peculiar structure of the steps and to enable her to avoid risk and injury in her descent. The principal controversy between the parties on the merits of the case was on the subject of light on the stairway, the plaintiff contending that it was inadequately lighted, and the defendant asserting that the lights described by him were sufficient for the purpose. A photograph of the place of the accident and of the construction of part of the stairs was exhibited to the jury. The description of some of the witnesses for the plaintiff explained that light was shut off from the stairway

by a contiguous part of the building. As the stairway was placed in the building for the accommodation of tenants, it is not to be doubted that it was the duty of the landlord to sufficiently light it for use at night by the many tenants. The finding of the jury was against the defendant on this issue as well as on the second that the plaintiff was guilty of contributory negligence. The charge of the court with respect to both of them was clear and fair.

The other defense presented related to the pleadings. The record shows that service was had on Joseph S. McGeagh and there was a return of non est inventus as to the other defendant. It was developed at the trial that the latter had died several years before the plaintiff's injury and that his estate had descended to his wife and two children. The appellant contends that as all of the owners of the real estate were not joined, the action cannot be maintained. It does not appear from the record that an affidavit of defense was filed nor was there an intervention by plea in abatement to the progress of the action. If the defendant served saw fit to proceed with the trial on its merits, it was then too late to raise the question of a mis-joinder or non-joinder of parties: Potter et al. v. McCoy, 26 Pa. 458; Collins v. Smith, 78 Pa. 423. It is a defense to be raised at the threshold; it does not go to the merits and when asserted an opportunity is afforded the plaintiff to amend to conform with the facts. We held in Einfeld v. Shermer, 56 Pa. Superior Ct. 18, that the procedure act of May 25, 1887, 271, did not abolish pleas in abatement nor destroy the distinction between such pleas and pleas in bar; to the same effect are Becker v. Ry. Co., 25 Pa. Superior Ct. 367; Henry v. Lilley, 42 Pa. Superior Ct. 565; Johnson v. Weller, 54 Pa. Superior Ct. 481. See also Fitzpatrick v. Riley, 163 Pa. 65; Gardner v. Kiehl, 182 Pa. 194. The defendant ought not now to be heard on an issue thus tardily raised.

But if the law be otherwise regarded, we are of the opinion that the plaintiff's action may be sustained, for it is in evidence that Joseph S. McGeagh who was served and who made defense was the owner of one-half of the property; that he had control of it; that he executed the leases for the various premises in the building; that he collected the rent, employed the janitor and other servitors about the building, and paid them. It will be observed that the complaint is not of a structural defect in the building, but of negligent maintenance of it, in that adequate light was not provided, consideration being had of the form of the stairway. For this defect, the appellant might well be held liable. In that view of the case an amendment of the pleadings would not be necessary. The declaration charged the defendants named in the writ as jointly liable. The Act of June 29, 1923, P. L. 981, permits a recovery against one of two or more trespassers where the evidence does not justify recovery against the others. The suit shall not be dismissed as to all, but the case shall be submitted to the jury, if the facts are in dispute, to determine which, if any of them, are liable, and the court in banc might enter judgment against such of the defendants as may be deemed liable, whether or not the question of liability was reserved at the trial, and whether or not the cause of action was alleged as against them alone or jointly in connection with others. As the evidence as to responsibility was all directed toward the appellant, the court properly exercised the authority granted in the act referred to in entering judgment against the latter. The evidence fully supported the verdict and no legal objection is presented from which we must conclude that the learned judges of the court below were in error in refusing to give judgment in favor of the defendant.

The assignments of error are overruled and the judgment affirmed.