## Dahlstrom v. Taylor.

*Promissory note — Joint liability — Non-joinder — Practice —Affidavit of defence—Practice Act of May 14, 1915, sect. 20, P. L. 483.*

1. Where two persons sign a promissory note under the wording "we hereby promise to pay," they are liable jointly and not jointly and severally, and they must be proceeded against jointly. Where, therefore, the payee of such note settles with one of the joint makers for half of the amount and satisfies it as to him, specifically stating that the liability of the other is not released, he nevertheless cannot recover the balance in a suit against the other maker alone.

2. The release of the one maker did not also release the other maker from liability on the note. The action must be against both, but the amount due can be recovered against the property of one.

3. Prior to the Practice Act, where persons jointly liable were proceeded against individually, the defence was raised by a plea in abatement, but is now raised by affidavit of defence raising a question of law under section 20 of the Practice Act.

Affidavit of defence raising question of law. C. P. Lancaster Co., Sept. T., 1923, No. 30.

*Daniel B. Strickler* and *Harry L. Raub, Jr.*, for plaintiff.

*F. Lyman Windolph*, for defendant.

HASSLER, J.—In this case the plaintiff seeks to recover from the defendant a balance due on five promissory notes of which he is a joint maker. In his statement he alleges that on five different occasions between June 17, 1919, and Aug. 12, 1919, he loaned to the firm of Taylor & Watson sums of money which amount to $4500. The defendant and John M. Watson gave to the plaintiff five joint promissory notes amounting to $4500 for the money so loaned to the firm of which they were members. These notes are signed by Gerald K. Taylor, the defendant, and John M. Watson, and all contain the words "We hereby promise to pay to C. A. Dahlstrom." The plaintiff brought suit on them against the defendant and John M. Watson jointly in the State of New York, but was unable to get service on the defendant. Judgment was entered in that suit against John M. Watson for $4812.48. He paid the sum of $2000 on account of it, and it was satisfied as to him, it being specifically stated in the satisfaction on the record that there was no satisfaction of said judgment as to the defendant or release of the defendant from any liability for the amount due on the notes.

The defendant has filed an affidavit of defence raising a question of law. In it he questions the right of the plaintiff to recover, first, because the suit is against him alone and his liability on the notes in question is a joint liability with John M. Watson, and not a several liability; and, second, because the release of John M. Watson, upon the payment of $2000 on the judgment obtained in the State of New York, released the defendant from any liability on the notes.

There is no question that the liability of the defendant and John M. Watson on the notes is a joint liability. The plaintiff admits this in his statement. Where there is a joint undertaking by two persons, it is well settled that they must be proceeded against jointly. Prior to the Practice Act, where this was not done, the defendant was required to take advantage of it, if at all, by plea in abatement: Bellas *v.* Fagely, 19 Pa. 273; Good Intent Co. *v.* Hartzell, 22 Pa. 277; Potter & Colfelt *v.* McCoy, 26 Pa. 458; Einfeld *v.* Shermer, 56 Pa. Superior Ct. 4.

Section 3 of the Practice Act of May 14, 1915, P. L. 483, expressly abolished pleas in abatement and all other pleas, and provides that the defences

formerly raised by them shall be made in an affidavit of defence. As the non-joinder of the parties is a question of law, this defence is properly raised in the affidavit of defence raising a question of law under section 20 of the act.

The plaintiff's attorney has cited several cases to support his contention that on a promissory note the undertaking of joint makers is joint and several. The cases cited, however, do not sustain him. In Wood v. Hummel, 4 Watts, 50, the words were "we or either of us promise to pay," and in Knisely v. Shenberger, 7 Watts, 193, the words were "I promise to pay," and it was held that, where two persons signed it, the word "I" made their liability several, and an action could be maintained against either one.

In this case the undertaking of the defendant and John M. Watson is joint, and an action cannot be maintained against one of them. The action must be against both, but the whole amount of the judgment obtained against both may be recovered by levy and sale of property of one of them. There are many cases to this effect. We are of the opinion that suit must be against both of the makers of the notes jointly, and, as the action is only against one, the plaintiff is not entitled to judgment.

There is no merit in the second question of law raised in the affidavit of defence. The release of John M. Watson prevents the plaintiff from collecting more than half of the original claim from the defendant, but does not release him from that.

We, therefore, enter judgment on the questions of law raised in the affidavit of defence against the plaintiff, without prejudice to his right to proceed against both of the makers of the notes jointly.

From George Ross Eshleman, Lancaster, Pa.