## Matawan Tile Company, Appellant, *v.* Golden.

*Promissory notes—Indorsement—Joint action against maker and irregular indorser—Act of May 16, 1901, P. L. 194.*

A joint action does not lie against the maker and the irregular indorser of a promissory note. There is nothing in the Negotiable Instrument Act of May 16, 1901, P. L. 194, which changes this rule.

Argued March 5, 1913.   Appeal, No. 40, March T., 1913, by plaintiff, from judgment of C. P. Lackawanna Co., June T., 1912, No. 439, sustaining demurrer to statement of claim in case of Matawan Tile Company v. Anthony F. Golden, William F. McGee, Peter C. Barrett, Thomas P. Gordon, A. N. Russo, M. Russo, Bernard F. Golden and M. C. Collins, lately trading under the firm or partnership name, style and title of Russo Brothers & Company, and the Scranton Tile Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Demurrer to statement of claim in action of assumpsit.

The note upon which the suit was based was in the following form:

"SCRANTON, PA., Jan. 22, 1912.

"Two months after date for value received we promise to pay to the order of Matawan Tile Co. $1122.84 Eleven Hundred Twenty-two and 84/100 Dollars

At the

Traders National Bank of Scranton, Pa.

without defalcation.

No.                                                         Scranton Tile Co.

Due March 22, 12.                           A. F. GOLDEN, Mgr.

Endorsed as follows:

  RUSSO BROS. & Co.

  B. F. GOLDEN, Mgr.

  A. N. RUSSO."

NEWCOMB, J., filed the following opinion:

A copartnership by its members and a certain corporation are sued jointly. There is some lack of precision in the statement of the cause of action. On its face it is not entirely clear whether it was intended to declare on a negotiable note or an antecedent debt forming the consideration thereof. This is one of the objections taken by demurrer. The note is that of the Scranton Tile Company to plaintiff's order, indorsed by "Russo Brothers and Company, B. F. Golden, Manager," and by A. N. Russo. The eight defendants other than the Scranton Tile Company are alleged to have been associated as copartners under the firm name of "Russo Brothers and Company." This concern, being a party to the note in no other way than by mere indorsement before delivery, the indorsement was irregular. At bar, and by his brief, counsel has made it clear that the suit is brought to enforce the instrument. Hence, another objection on the ground of misjoinder, which he contests on the supposed authority of Alldred's Est., 229 Pa. 627. But that falls far short of the proposition. All that was there at issue was the question whether such indorsement created any liability, without any suggestion of joint liability with the maker. The ruling merely gave effect to the provisions of the

Negotiable Instrument Act of May 16, 1901, P. L. 194, without which there would be no liability as against such irregular party.  Hence, for the nature of his liability, one must turn to the statute creating it.  It thus appears that he shall be liable "as indorser": sec. 69.  There can be no doubt that the term was used only in its well-defined legal sense, so that his status is for present purposes precisely that of a regular indorser, and nothing else.  It follows that in the absence of anything to show an intention to vary the prima facie liability assumed by an indorser it is distinctly several, and not joint with that of the maker: Fawcett v. Fell, 77 Pa. 308; Wolf v. Hostetter, 182 Pa. 292.  There is nothing in the statute to change the common-law rule on that subject.  Counsel does not base his claim of joint liability on any variation by reason of the specific terms of the contract, but only on the supposed effect of the statute.  And, indeed, the averments of the declaration are *too* equivocal to support a claim of variance by agreement.  In the first place there is some confusion as to the nature of the indebtedness intended to be secured. "All of said defendants," it is averred, "being then and there indebted to said plaintiff in the sum of $1,122.84 for tiles sold and delivered to said defendants by said plaintiff, at the *several* orders, instances and requests of said defendants, said defendants in order to secure the payment of their said indebtedness to said plaintiff, executed and delivered to said plaintiff, at Scranton, Pennsylvania, a certain promissory note in writing, that is to say, executed by said Scranton Tile Company as maker and *indorsed* by said Russo Brothers and Company," etc. (Italics ours.)  While this might suggest the existence of several liabilities owing by the respective parties for which they saw fit to unite in the security on equal terms, it will be observed that after setting out a copy the pleader goes on to say: "That accordingly said defendants when said note was executed and delivered by them to said plaintiff as aforesaid, *promised* and *guaranteed* to the payee in said note, to wit: Said Matawan Tile Company,

said plaintiff, that said note would be honored and paid by them at its maturity, according to the tenor and effect of said note, that is to say, that said defendants would *pay* and *guarantee* to be paid to said plaintiff the sum of," etc. (Italics ours.) This, if given any significance at all, implies an intention to take a note secured by indorsement; and coupled with the further averment that plaintiff was at pains to have it protested with due notice to the indorsers, seems to repel any theory of their intention to become liable as makers. Whether by themselves they could be sued jointly, is not the question here. But prima facie as between the maker and indorser of such instruments, the respective undertakings are several and not joint; so that it may be said with confidence that in order to assert a joint liability the burden would be on the plaintiff to affirmatively plead, as well as prove, their intention to become jointly bound. Failing to show that fact, this statement is defective, and the demurrer is sustained without prejudice to plaintiff's right to amend on timely application.

*Error assigned* was in sustaining the demurrer.

*John R. Jones*, for appellant.—It appears in the statement that plaintiff's account is against all the defendants for tile sold and delivered to all the defendants. The defendants were therefore all jointly liable for the indebtedness. All the defendants being therefore jointly indebted to plaintiff, signed, indorsed and delivered their promissory note to plaintiff to secure the payment of their indebtedness for which they were all jointly liable. The indorsement on the note was not for the accommodation of the payee. It was for value received. It is not an accommodation indorsement. It cannot be disputed that the maker of this note—Scranton Tile Company—is liable in this case to the plaintiff, for the note is an express promise by the maker to pay the plaintiff $1,122.84 without defalcation at the maturity of the note. This note

having been indorsed in blank, that is, without any condition appearing over the indorsement, and the note having been made payable to a third person, namely, to the Matawan Tile Company and not to the maker, to wit, the Scranton Tile Company, and it having been given to secure the payment of a pre-existing indebtedness owing by all the defendants to the payee, and it having been signed and indorsed before delivery to the payee, the indorser is therefore liable to the payee who is the plaintiff in this case, the payee not having negotiated the note, in accordance with sec. 64 and sub-sec. 1, art. 5, of the Negotiable Instrument Act of May 16, 1901, P. L. 194. There can be no doubt since the decision of our Supreme Court in Alldred's Estate, 229 Pa. 627, decided January 3, 1911, that under the circumstances of the case at bar, the individual members of the indorsing partnership are equally liable to the payee, who is the plaintiff in this case. It appearing (1) that the note was given to secure the payment of plaintiff's original claim for which all the defendants were jointly liable, and (2) that it was indorsed before delivery to the payee, who is the plaintiff in this case, and (3) that the individual members of Russo Brothers and Company, the indorsing partnership, are liable to the payee, and (4) that the maker's liability was never legally disputed and (5) that the payee never negotiated the note—it follows as a reasonable and consistent conclusion—the policy of the law being against a multiplicity of suits—that the maker and the indorser, under the circumstances of this case, are both jointly and equally liable in this suit.

*Frank E. Donnelly,* with him *Wm. F. Boyle,* for appellee.

PER CURIAM, April 21, 1913:

Notwithstanding the earnest and plausible argument of the appellant's counsel we think the action must be regarded as based on the note set forth in the statement of claim. Therefore the question is presented whether a

joint action lies against the maker and the irregular indorser of a promissory note. We find nothing in the negotiable instrument act of 1901 which changes the law upon that subject as declared in Fawcett v. Fell, 77 Pa. 308, and Wolf v. Hostetter, 182 Pa. 292. True, that act declares that where a person, not otherwise a party to an instrument places thereon his signature in blank, before delivery, he is liable: Alldred's Est., 229 Pa. 627. But he is not made liable as a maker but only as an indorser and hence the former rule as to joinder is unimpaired. This conclusion is amply sustained by the clear and satisfactory opinion of the learned judge below and nothing can be profitably added by us to what he has said.

The judgment is affirmed.