## Stewart, Appellant, *v.* Stewart.

*Promissory notes—Successive endorsement—Rights of endorsers.*

Where a note of a corporation is endorsed by three persons in succession, and by an arrangement between the payee and the first endorser it passes into the possession of the latter and is subsequently protested at maturity for nonpayment, and thereafter, the note comes back into the possession of the payee, the latter cannot maintain a suit against the second endorser, inasmuch as the payee when he received back the note took only the title of the first endorser, and the latter had no rights against the second endorser when the note was protested.

In such a case the payee sued upon a dishonored instrument, acquired after protest, and should have established that he received it from a holder in due course who had a right of action against defendant as endorser. Failing to do this he did not make out a prima facie case.

Argued Dec. 10, 1917. Appeal, No. 313, Oct. T., 1917, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., March T., 1916, No. 4388, on verdict for defendant in case of Archibald C. Stewart v. John A. Stewart. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a promissory note. Before BARRATT, P. J.

The opinion of the Superior Court states the case.

At the trial the court instructed the jury to return a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

328, (1918).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were the affirmance of defendant's point for binding instructions, and the overruling of plaintiff's motion for judgment n. o. v.

*Jacob Weinstein,* with him *Edward F. Hitchcock,* for appellant.

*George J. Edwards, Jr.,* for appellee.

OPINION BY WILLIAMS, J., March 8, 1918:

Plaintiff sued the second endorser upon the following note which had been protested for nonpayment: "Phila. Pa. March 18, 1914 Twelve months after date we promise to pay to the order of Archibald C. Stewart, Nine hundred Dollars, at 137 So. Tenth St. Phila., Pa. Without defalcation, for value received, with interest at 6% per annum. Due March 18th, 1915. Keith-Stewart Company Inc. John A. Stewart, Treas. (Endorsed) W. J. Keith John A. Stewart Stewart C. Lennox."

Plaintiff proved, inter alia, that the note was protested for nonpayment by the first endorser, W. J. Keith, as owner and holder, and that it subsequently came into his (plaintiff's) possession.

The court below gave binding instructions for defendant and refused plaintiff's motion for judgment n. o. v. From the judgment entered upon the verdict we have this appeal.

The liability of the endorsers was successive: Wolf v. Hostetter, 182 Pa. 292; Russ v. Sadler, 197 Pa. 51. Keith had no rights against defendant as an endorser when the note was protested: Section 50, Act of May 16, 1901, P. L. 194. Under Sections 52 and 58 of the act, plaintiff was not a holder in due course, and took only the title Keith had. Plaintiff sued upon a dishonored instrument, acquired after protest, and should have established that he received it from a holder in due course who had a right of action against defendant as endorser.

Failing to do this, he did not make out a prima facie case.

The judgment is affirmed.