# C. V. Hill & Company *v*. Hazel Marriner and C. A. Sook, Appellant.

*Replevin—Bailment lease—Right to repossess—Parties defendant—Act of April 19, 1901, P. L. 88, Act of June 29, 1923, P. L. 981.*

In an action of replevin, judgment is properly entered in favor of the plaintiff, where the evidence established that the goods in question were leased on a bailment lease, and that there had been a default in the payments thereon.

In such case the fact that the lease was made with one of the defendants and that the goods were in possession of another, will not prevent recovery.

Section 9 of the Act of April 19, 1901, P. L. 88 (Replevin Act) provides that "the cause may proceed against defendants in fact served" and the Act of June 29, 1923, P. L. 981, also provides that when it is averred that two or more defendants are jointly liable for the cause of action specified, and the court shall be of opinion that the evidence justifies recovery against some only, the suit shall not be dismissed as to all, but shall proceed with authority to enter judgment against such as shall be liable.

Argued October 19, 1925. Appeal No. 268 October T., 1925, by defendant, from judgment of C. P. No. 5, Philadelphia County, December T., 1921, No. 723,

546    HILL & CO. v. MARRINER & SOOK, Appel.

in the case of C. V. Hill & Company v. Hazel Marriner and C. A. Sook. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Replevin on bailment lease. Before HENRY, P. J. 52nd Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The Court directed a verdict in favor of the defendant, but subsequently entered judgment for the plaintiff non obstante veredicto. Defendant appealed.

*Error assigned,* among others, was the decree of the Court.

*L. W. Baxter,* for appellant.

*J. H. Shoemaker,* for appellee.

PER CURIAM, December 14, 1925:

This was an action of replevin for certain shop fixtures. At the trial the court directed a verdict for defendant, the appellant, but subsequently entered judgment for the plaintiff, n. o. v. We affirm the judgment, adopting the following extract from the opinion of the learned court below: "The facts were not disputed and the sole question for determination is whether the plaintiff or the defendant is entitled to the property in question. On February 23, 1921, the plaintiff made a written proposition to furnish and install certain fixtures in the meat market of the defendant Sook, for the sum of $2800, pursuant to which the fixtures were installed but only $800 paid on account of the purchase price. On May 23, 1921, Sook executed a bill of sale (called an assignment by the witnesses) of the said fixtures and personal property back to the plaintiff 'in consideration of the sum

of $2,000 or the cancellation of the debt of that amount owned by me to C. V. Hill and Company', and on the same day the plaintiff made what is termed a bailment lease of said fixtures and personal property to Hazel Marriner, one of the defendants. The plaintiff averred a breach of this lease in seeking to recover possession of the said property. Hazel Marriner was never served with the writ issued in this replevin suit. There was no change of possession of said personal property under said bill of sale and bailment lease, the defendant Sook retaining possession and being in possession at the time of the service of the writ.

"The defendant contends that delivery of possession is essential to transfer of title. The plaintiff contends that as between the parties the party entitled to possession may enforce his rights by a writ of replevin even though possession was never delivered under the bill of sale transferring the title.

"It seems to be established in Pennsylvania that 'an assignment or mortgage of personal property for a valuable consideration, unaccompanied by possession, though void as to creditors is binding upon the assignor; and if the possession be improperly withheld it may be enforced by an action of replevin.' Boyle v. Rankin, 22 Pa. 168,......Croft v. Jennings, 173, Pa. 216.

"As between the plaintiff and the defendant Sook, the plaintiff was entitled to possession of the goods under the bill of sale from the defendant Sook, and under the bailment lease from the plaintiff to Hazel Marriner, the plaintiff was entitled to retake possession upon a breach in payment of the installments of rental thereby provided. The plaintiff is clearly entitled to possession of the property in question."

In this court the appellant complains that as the declaration was against two, Marriner and the appellant, and as Marriner was not served, judgment cannot

548    HILL & CO. *v.* MARRINER & SOOK, Appel.

be sustained against Sook alone; the same point was made the basis of objection to evidence offered by and received on behalf of plaintiff concerning the bill of sale and the lease. The contention is without merit. Not only did section 9 of the Replevin Act (April 19, 1901, P. L. 88) provide that "the cause may proceed against defendants in fact served," but the Act of June 29, 1923, P. L. 981, also provides that when it is averred that two or more defendants are jointly liable for the cause of action specified and the court shall be of opinion that the evidence justifies recovery against some only, the suit shall not be dismissed as to all but shall proceed with authority to enter judgment against such as shall be liable.

Judgment affirmed.