## Cairns *v.* Spencer  et al., Appellant.

*Procedure—Act of June 29, 1923, P. L. 981—Torts—Appeals—Statement of question involved.*

Under the provisions of the Act of June 29, 1923, P. L. 981, where the declaration is against several for a joint tort, recovery may be had against one for a separate tort.

The Act of 1923, applies to a cause of action which arose prior to its enactment, and in the process of litigation.

Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to the litigation existing at the time of its passage.

A question not included in the statement of questions involved, is not entitled to consideration on appeal.

Argued October 26, 1925.   Appeal No. 80, October T., 1925, by J. E. Spencer from judgment of C. P., Clearfield County, December T., 1922, No. 333, on verdict in favor of the plaintiff in the case of Joseph Cairns, by his father and next friend, Hugh Cairns, v. Estate of H. H. Spencer, J. E. Spencer, F. D. Spencer and F. M. Spencer, trading as Spencer Bros.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before REED, P. J., 47th Judicial District, specially presiding.

The opinion of the Superior Court states the case.

Verdict for plaintiff against J. E. Spencer in the sum of $500 and judgment thereon.   J. E. Spencer, appealed.

*Errors assigned* were, among others, various rulings of the court.

*W. C. Pentz,* and with him *John J. Pentz* and *Ross H. Pentz,* for appellant.

*Singleton Bell,* for appellee.

OPINION BY LINN, J., December 17, 1925:

Trespass was brought against appellant and his co-partners trading as Spencer Brothers, to recover for injuries inflicted on plaintiff, when he was struck by an automobile driven by appellant, J. E. Spencer, and bearing the license tags of Spencer Brothers. The jury rendered a verdict in favor of the plaintiff and against J. E. Spencer, who appeals from judgment thereon.

Appellant complains that while suit was brought against him and his co-partners, a verdict against him alone was sustained. He contends that as four defendants trading as Spencer Brothers were sued, a verdict for plaintiff must be against all and not against him alone; that the Act of June 29, 1923, P. L. 281, passed after the accident which led to the suit, though before the statement of claim was filed, is not applicable.

The trial judge instructed the jury to determine from the evidence whether appellant was engaged in the business of the partnership or about his own affairs when the accident occurred; he himself testified that he was on his own business and not his firm's; the jury doubtless accepted his own evidence to the effect that he was responsible, if any one was. The verdict establishes that appellant took the dealers' license tags which had been issued to the partnership and affixed them to a car belonging to his brother, and that he injured the lad while driving about his own business.

It is unnecessary to recite the circumstances of the accident; it happened November 24, 1920. Suit was brought November 21, 1922, and the statement of claim

was filed January 7, 1924. The Uniform Partnership Act of March 26, 1915, P. L. 18, sec. 15, P. L. 21, imposes joint and several liability in favor of third persons for any wrongful act or omission of a partner acting in the ordinary course of business of the partnership, and the liability of joint tort feasors not partners is also joint and several. Admitting these rules, appellant nevertheless contends that under cases like Wiest v. Traction Co., 200 Pa. 148, the declaration against several for a joint tort prevents recovery against one for a separate tort. That rule was superseded by the Act of June 29, 1923, P. L. 981, entitled "Relating to procedure in suits wherein it is pleaded that two or more defendants are liable for a specified cause of action." The 1st section provides: "That whenever it is pleaded in any suit that two or more defendants are jointly liable for the cause of action specified, and, in the opinion of the trial judge, the evidence may not justify a recovery against some of them, the suit shall not be dismissed as to all, but the case shall be submitted to the jury, if the facts are in dispute, to determine which, if any of them, are liable, or, if the facts are not in dispute, the question of liability of any or all of them may be reserved for consideration by the court in banc, or the suit may be dismissed as to some and the trial proceeded against the others, in every such contingency, with the same effect as if the defendants ultimately found to be liable were the only ones alleged to be so." That section was applied at the trial.

Appellant contends that as the act was passed after the cause of action arose, though before the trial, it has no application. There is no merit in the point. The act relates to procedure, concerning which the rule was thus recently stated in Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166: "Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely

the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage: Kille v. Reading Iron Works, 134 Pa. 225, 227; Lane v. White, 140 Pa. 99, 101; Laukhauff's Est., 39 Pa. Superior Ct. 117, 119; Long's App., 87 Pa. 114.''

As there is no reference to it in the statement of questions involved, we dismiss without discussion the assignment concerning contributory negligence: Rule 50; Murray v. B. & O. R. R. Co., 281 Pa. 474, 477.

Judgment affirmed.