### Gable *v*. Yellow Cab Co., Appellant, et al.

Argued March 21, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*William A. Challener,* with him *William A. Challener, Jr.,* for appellant.

*W. Clyde Grubbs,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, April 14, 1930:

In their statement of claim, the minor plaintiff, by her father and next friend, and the father in his own right, allege the two defendants were jointly liable for personal injuries she had sustained by reason of their joint negligence. Each defendant denied responsibility, and, under proper instructions, the case was submitted to the jury. The verdicts and judgments were in favor of one of the defendants and against the other, and the latter now appeals.

Appellant frankly admits that the evidence was sufficient to justify the jury in finding that each of the defendants had been negligent; but averred that, as the verdict and judgment conclusively determined there was no joint negligence, there could be no joint liability, and, since the pleadings alleged joint liability only, the judgment against it alone could not be sustained. We need not weigh the evidence to determine whether or not joint negligence was shown, for, assuming that it was not, then, although appellant's contention would have been sustained prior to the Joint Suit Act of June 29, 1923, P. L. 981, the reverse is true since its passage. Section 1 of the statute provides "That whenever it is pleaded in any suit that two or more defendants are jointly liable for the cause of action specified, and, in the opinion of the trial judge, the evidence may not justify a recovery against some of them, the suit shall not be dismissed as to all, but the case shall be submitted to the jury, if the facts are in dispute, to determine which, if any of them, are liable,......with the same effect as if the defendants

ultimately found to be liable were the only ones alleged to be so."

It will be noted the statute provides that "whenever [joint liability] is pleaded," as here it was, and the trial judge is of opinion, as here he was, that against one or the other of the defendants a recovery might not be justified, he must submit to the jury the question as to which, if either of them, is liable, as here he did, the result of so doing being that their finding has "the same effect as if defendant [who was] ultimately found to be liable, was the only one alleged to be so." The case was, therefore, squarely within the terms of the act, and this being, admittedly, the only point we need decide, the judgment must be affirmed. It may be added, however, that this conclusion is in accord with our decisions in Cleary v. Quaker City Cab Co., 285 Pa. 241, and Moraski v. P. R. T. Co., 293 Pa. 224, 230, and with those of the Superior Court in Hill & Co. v. Marriner & Sook, 86 Pa. Superior Ct. 545; Cairns v. Spencer, 87 Pa. Superior Ct. 126, and Mullen v. McGeagh, 88 Pa. Superior Ct. 381.

The judgments of the court below are affirmed.