Smith et al., Appellant, *v.* Walat and Stutzman.

Argued April 16, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALRIDGE, JJ.

*Charles C. Greer,* for appellant.

*C. L. Shaver,* for appellee.

OPINION BY BALDRIGE, J., July 10, 1930:

The plaintiffs brought this action against George Walat and Walter A. Stutzman, Administrator of Joseph Walat, deceased, jointly, to recover for certain building material sold and delivered.

There was no denial that the supplies were purchased and delivered, but George (or Gregor) Walat denies that he was the purchaser and contends that he went to the store of the plaintiffs with his son who bought the materials. The court submitted to the jury, for their determination, the issues involved and gave in-

structions that a verdict could be rendered in favor of either of the defendants or against them jointly. A verdict was rendered against both. The court thereafter entered judgment n. o. v. for the defendants on the ground that the plaintiffs alleged a joint contract and that the evidence showed a contract with George Walat alone, and, therefore, there was no joint liability, as pleaded. No objection was raised in the lower court to the joinder of the administrator of the deceased son with the surviving father and, therefore, it is unnecessary to pass upon the correctness of the pleadings: Smith v. Yellow Cab Co., 288 Pa. 85. This question, however, is discussed in Hoskinson v. Eliot, 62 Pa. 393; Githers v. Clarke, 158 Pa. 616; and Lehigh National Bank v. Seyfried, 283 Pa. 1.

The evidence on the part of the plaintiffs clearly shows that the material was sold to George Walat. Walter D. Varner, who made the sale, testified as follows: "Q. Did you then and there sell that particular material, and if so to whom? A. To Gregor Walat. After the order was written, I said, 'Gregory, you understand you are the man we are selling to;' 'sure', he said." The court, therefore, was correct in holding that the evidence did not show a joint liability. When the question arose of the admissibility of testimony, which indicated that there was not a joint contract, the testimony was admitted by the court over objection on the theory that the terms of the Act of June 29, 1923, P. L. 981, governed. The trial judge, having entered judgment in favor of the defendants, apparently concluded that the Act of 1923, supra, did not apply. In this conclusion, we feel he fell into error. The averment in the plaintiffs' statement that there was a joint liability was not fatal to their case if they could successfully show that there was an individual liability as to one of the defendants. See case of Mildred Gable et al. v. The Yellow Cab Co., 300 Pa. 37.

Although there was no evidence to show any con-

tractual relation between the plaintiffs and Joseph Walat, the finding of the jury should not be disturbed insofar as George Walat is involved.

The court's order entering judgment for the defendants n.o.v. is reversed and judgment is directed to be entered in favor of the plaintiffs and against George Walat alone.