## Levin v. Kimmig et al.

*Horenstein, Feldman & Harvey,* for plaintiff.
*Kirchner, Mitchell & White,* for defendants.

LAMBERTON, J., October 17, 1932.—The basis of the action in the present case is a contract entered into between the plaintiff and William S. Kimmig, one of the defendants, by which, in brief, William S. Kimmig agreed to pay to plaintiff twenty-five per cent. of all moneys obtained by plaintiff for said Kimmig in

connection with certain patents owned by said Kimmig. The statement of claim avers that plaintiff obtained for said Kimmig a total of $12,290.92. The statement further avers that the said William S. Kimmig subsequently assigned to Louis P. Kimmig, his father, all of his right, title and interest in and to said patents.

Defendants filed an affidavit of defense raising questions of law, alleging that the original statement of claim set forth no joint liability of defendants, and no liability whatever on the part of defendant, Louis P. Kimmig. Counsel then entered into a stipulation providing that an amended statement of claim might be filed. An amended statement of claim was filed, substantially identical with the original statement, except for an added averment in paragraph twenty-one as follows: "Plaintiff avers that the defendants conspired to enter into the assignments hereinbefore set forth, and did make and accept the said assignments for the purpose of defrauding the plaintiff of the amounts due to plaintiff as appears in paragraph five herein."

The matter now comes before us on defendants' rule upon plaintiff to show cause why the amended statement of claim should not be stricken off, alleging in support of said rule the two reasons hereinafter discussed.

Defendants first argue that the amended statement of claim violates our rule of court sixty-two, providing: "When an amendment to a statement, affidavit or other pleading is allowed or made, the whole document as amended shall be executed, verified and filed."

Attached to the original statement of claim were copies of the contract between plaintiff and William S. Kimmig, a copy of the assignment of William S. Kimmig to his father, and copies of sundry other agreements upon which plaintiff relied to substantiate his claim. In the amended statement of claim copies of these agreements are not attached, but are incorporated by reference to the original statement of claim. This is in violation of rule 62. It is for the convenience of the parties and of the court that the basis of plaintiff's claim should be set forth in one document so as to be readily understandable. It would be a great inconvenience if the statement of claim should be amended so that the court and the parties must examine two or more documents and mentally piece them together in order to determine the basis of plaintiff's claim. Counsel for plaintiff argues that he has complied with the rule by incorporating the copies attached to the original statement by reference thereto, and cites the clause of the Practice Act of May 14, 1915, P. L. 483, Sec. 5, which reads as follows: "Every pleading shall have attached to it copies of all notes, contracts, book entries, or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim, or defense, as the case may be; and a particular reference to such record . . . shall be sufficient in lieu of a copy thereof."

He claims, in effect, that the rule of court cannot override the wording of the Practice Act. With this we agree. It will be noted, however, that the Practice Act, in providing for the incorporation of papers by reference, provides for a reference to original documents which are of record. In this case, the original documents are not of record. It is merely copies of the agreements that are attached to the original statement of claim. The Practice Act, therefore, does not justify the procedure adopted by plaintiff in this case, and it is in violation of our rule of court 62. We would hesitate, however, to strike off the statement of claim for this reason, since, while the rule in itself is of great benefit, the particular violation alleged here is merely technical.

The second reason alleged in support of the rule to strike off the amended statement of claim is that the primary liability averred is that of William S.

Kimmig, and the only averment which could possibly make Louis P. Kimmig liable is the averment of fraud set forth in full above. Defendants argue that this averment of fraud is in violation of our rule of court 49, which provides: "When fraud is averred, the facts relied upon to establish it shall be stated." The averment in the statement of claim undoubtedly violates this rule. Counsel for plaintiff stated at the argument that the fraud was readily determinable from the exhibits attached to the original statement of claim. We have read all of these exhibits and there is nothing in them to indicate fraud. William S. Kimmig, so far as it appears, had a perfect right to make the assignment in question to his father. It is not sufficient to allege that it was fraudulently made, unless the facts constituting such fraud are alleged. There is no averment that William S. Kimmig was insolvent at the time, or that the consideration was improper.

The amended statement of claim violates the two rules of court above set forth, and should, therefore, be stricken off. It fails properly to show any cause of action whatever against defendant, Louis P. Kimmig. If Louis P. Kimmig is liable on the basis of fraud, the statement should be so worded as to include the facts relied upon to establish the fraud. If it cannot truthfully be so amended, the name of Louis P. Kimmig as a defendant should be stricken off by amendment in accordance with the practice provided in the case of Lehigh National Bank *v.* Seyfried et al., Executrices, 283 Pa. 1.

It might be argued that defendant should have raised the question of misjoinder of parties by an affidavit of defense raising questions of law, as was done in regard to the original statement of claim, rather than by a rule to strike off. However, as the net result would be the same, nothing would be gained by drawing a fine distinction between these two modes of procedure.

And now, to wit, October 17, 1932, the rule to strike off the amended statement of claim is made absolute.