Arndt et al. *v.* Brockhausen et ux., Appellants.

Argued March 1, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Forrest J. Mervine,* with him *Karl A. Wagner,* for appellants.

*Harold C. Edwards,* with him *W. B. Eilenberger* and *Harvey Huffman,* for appellees.

OPINION BY KELLER, P. J., April 15, 1936:

On July 1, 1933, about six o'clock in the evening of a clear day, the minor plaintiff, a child under seven years of age, was hit and very seriously injured by an automobile driven by the wife defendant.

This action was brought by her father and next friend, on her behalf, as well as in his own right, against Jacques Brockhausen and Emma Brockhausen, his wife, on the assertion, as set forth in the statement of claim, that, at the time of the happening of the accident, Mrs. Brockhausen was using or operating the automobile in connection with, and in the course of, the business carried on by them jointly as a summer resort boarding house, known as "Highwood Farm."

Verdicts in favor of both plaintiffs were rendered against defendants on which judgments were entered. Defendants have appealed to this court. We are of opinion that the judgments must be affirmed as respects the wife defendant, Emma Brockhausen, and reversed as to the husband, Jacques Brockhausen.

As the verdicts were in favor of the plaintiffs we must resolve all disputed questions of fact in their favor and give them the benefit of every inference favorable to them which may be reasonably drawn from the testimony.

The car which Mrs. Brockhausen was driving was owned by, and registered in the name of. her husband. He was not in it when the accident occurred. If she

was guilty of negligence which caused the accident she would be personally responsible for her negligent acts, but her husband would not be separately responsible for her negligence unless she was operating the car as his agent: *Rodgers v. Saxton,* 305 Pa. 479, 158 A. 166, of which there is no evidence in this case; and a recovery could not be had against them jointly unless, at the time, she was using the car in connection with or in furtherance of the business carried on by them jointly, viz., the summer resort boarding house known as Highwood Farm.

(1) We will first discuss the question of the wife's negligence. The accident occurred while it was still daylight on the Lackawanna Trail at Tannersville, a town or village in Monroe County. The highway, from the inner edge of the sidewalk to inner edge of sidewalk, is 45 feet wide. Of this 18 feet near the center is concrete roadway, with an earth or gravel berm 8½ feet wide and a sidewalk 4 feet wide on the east side and earth or gravel berm and slope 10 feet wide and a sidewalk 4½ feet wide on the west side. The minor plaintiff, at the time she was hit, was going diagonally across the road, in a southwesterly direction, from a tree just inside the sidewalk on the east side of the highway to a private driveway on the west side. She had gone about 47 feet when she was struck. She was hit near the west edge of the road and was knocked, pushed or carried some 44 feet before the car was stopped. The road extends in a straight line for about 630 feet north of where the child was hit, so that unless there was some car parked or some automobile moving in the opposite direction, the defendant (Mrs. Brockhausen), who was traveling from north to south, had a clear and unobstructed view for 630 feet of the road over which the child went; and in crossing the road the child must have traveled the entire distance, forty-seven feet, in plain view of the driver of the car, if the latter were

observant and looking. There is a difference in the testimony on the question as to whether there was anything in the approaching traffic to prevent Mrs. Brockhausen from seeing the child for the whole width of the road as she went across it, and the finding of the jury on this important question determines, in our opinion, the driver's liability. It is not claimed that there was any parked car, or other fixed obstruction, on the east side of the road—the side from which the child started—which would interfere with the driver's view of her during the entire time she was crossing the road.

Mrs. Brockhausen testified that she did not see the child until the car was within fifteen feet of her by reason of the fact that the child was hidden from her sight by another automobile going north and approaching the Brockhausen car, which interfered with her view of the child until the car was almost upon her. She was corroborated in this to some extent by the testimony of Miss Fallon, who was riding in the car with the wife defendant. If by reason of an approaching automobile the defendant, although exercising due care and vigilance, was prevented from seeing the child crossing the street, until she ran suddenly in front of defendant's car, when it was only fifteen feet away from her, the defendant driver would not be guilty of negligence and the verdict should have been in her favor. The learned trial judge, in effect, so charged the jury. On the other hand, if no northbound car was approaching at the time, so as to hide the movements of the child, then there was no satisfactory reason apparent why the defendant driver, with a clear view of the road for 630 feet, did not see the child, while she was crossing the road, until the car was almost upon her, and stop it in time to avoid the accident; and the jury would be warranted in finding her negligent (1) in traveling at an excessive speed, or (2) not having proper control of her car, or (3) not being sufficiently careful and

vigilant in observing the child's movements—all of which were matters within the control of the driver and for which she would be responsible, and any one of which would sustain the verdicts against her. There was evidence from which the jury could find that no car was approaching or passing defendant's car at the time of or just before the accident. Hence the question of fact as to Mrs. Brockhausen's negligence was for the jury. It was submitted to them under instructions of which this defendant makes no complaint in this regard. In fact the appellants do not ask for a new trial, but only for judgment n. o. v. We think the evidence is sufficient to support the finding of the jury as to Mrs. Brockhausen's negligence, and the judgments, as to her, must be affirmed.

(2) We are all of opinion, however, that the evidence will not sustain the judgments against the husband. In order to show a joint liability on the part of the defendants, which was necessary to support joint verdicts against them, the plaintiffs, on whom the burden of proof rested, called Mrs. Brockhausen as on cross-examination, in an endeavor to prove that the errand on which she was engaged was in furtherance of the business which the defendants jointly carried on. She testified that she was not engaged at the time on any business of the Highwood Farm; that she was not going to meet any guests or customers for the "farm," that no trains came to Stroudsburg—where she was going—at that time; nor was she taking the car to order supplies or materials for the "farm"—that her husband attended to all that and she did only the cooking; that she was going to Stroudsburg on business personal to herself to buy some dresses and a pair of shoes, and that Miss Fallon, who was a guest at the "farm," was with her just as company for the ride, and the trip was not being taken for her as a guest of the "farm." The fact that she expected to wear the dresses

and shoes while doing her work in cooking for the resort guests, did not make her trip to Stroudsburg to buy them an errand in furtherance of the business which she and her husband jointly carried on, rather than her personal affair. That would be carrying the meaning of "furtherance of the business" entirely too far. If adopted, any employee who was hurt while buying a suit of clothes which he intended to wear at work, would be within the workmen's compensation law. There was no evidence which amounted to any real rebuttal or denial of her testimony. In the absence of such contradiction by testimony or circumstances the plaintiffs were bound by it: *Dunmore v. Padden,* 262 Pa. 436, 105 A. 559.

Under the Act of June 29, 1923, P. L. 981, 12 PS sec. 685, the trial judge, in an action of trespass brought against two defendants jointly, may dismiss the suit as to one of them if the evidence does not justify a recovery against him and submit the case to the jury as to the remaining defendant, as if he or she had been sued alone; and it authorizes the court in banc to enter judgment against the defendant deemed liable and judgment non obstante veredicto in favor of a defendant against whom the evidence did not warrant a verdict, whether the action was brought against the defendants jointly or not: *Gable v. Yellow Cab Co.,* 300 Pa. 37, 150 A. 162; *Lang v. Hanlon,* 302 Pa. 173, 153 A. 143; *Bailey v. Lavine,* 302 Pa. 273, 153 A. 422; *Cairns v. Spencer,* 87 Pa. Superior Ct. 126; *Mullen v. McGeagh,* 88 Pa. Superior Ct. 381; *Smith v. Walat & Stutzman,* 99 Pa. Superior Ct. 147. This act would have permitted the court below to enter judgment against the defendant Emma Brockhausen and in favor of the defendant Jacques Brockhausen, non obstante veredicto, since, as we have pointed out, the evidence was sufficient to support a finding that she was individually negligent, but insufficient to support a finding

that she was at the time acting in behalf of or in furtherance of the business conducted by her husband and herself jointly. What the court below should have done, according to right and justice, this court, by the Act creating it, has the power to order done: *Taggart v. De Fillippo,* 315 Pa. 438, 173 A. 423.

The judgments against Emma Brockhausen are affirmed. The judgments against Jacques Brockhausen are reversed, and as to him, judgment n. o. v. is hereby entered in his favor.