Arndt et al. *v.* Brockhausen et ux., Appellants.

Argued December 5, 1938.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Forrest J. Mervine,* with him *James C. Scanlon,* for appellants.

*Harold C. Edwards,* with him *W. B. Eilenberger* and *Harvey Huffman,* for appellees.

OPINION BY MR. JUSTICE MAXEY, January 9, 1939:

The question in this case is: May a husband and wife, pending an appeal from a judgment rendered against them *jointly,* deposit, in lieu of property bond, cash owned by them as tenants by the entireties to protect their joint property from execution pending the appeal, without having such deposit with the prothonotary become liable for the payment of a final judgment entered against one of them *individually?*

The plaintiffs, Marion Arndt, a minor, and Edwin H. Arndt, her father, brought an action in trespass against defendants for damages as the result of injuries sustained by the minor plaintiff when she was struck while crossing the highway by the automobile owned by Jacques Brockhausen, one of the defendants, and driven by his wife, Emma, the other defendant. It was alleged that at the time of the accident she was operating the car in the course of her and her husband's joint business.

The jury returned verdicts against defendants in the amount of $2,500 for the minor plaintiff and $308.15 for her father. The defendants appealed to the Superior Court, and, so that the appeal might become a supersedeas and the property of defendants be released from the lien of judgment upon the verdicts, they jointly deposited with the prothonotary of the lower court, $3,000 cash bail, under the terms of the Act of April 22, 1909, P. L. 103. This appeal is to decide whether this money should be returned to the defendants or paid to the plaintiffs.

The Superior Court reversed the verdict as to defendant-husband, holding that there was no evidence in the

case that his wife was operating the car as his agent and insufficient evidence to establish that at the time of the accident she was engaged in furthering the business which she and her husband jointly operated.

On April 28, 1937, pursuant to the plaintiffs' petition, a rule was granted upon the prothonotary and the defendants to show cause why the prothonotary should not pay to the plaintiffs the sums of $2,650 and $350 deposited. An answer was filed to that petition. On May 7, 1938, a rule was granted on petition of defendants upon the prothonotary and the plaintiffs to show cause why the prothonotary should not pay the money deposited to the defendants. Plaintiffs' reply was filed to this petition. Depositions were taken. After argument before the Honorable WILLIAM G. THOMAS, President Judge of the 56th Judicial District, Specially Presiding, the first mentioned rule was made absolute and the second mentioned rule was discharged. This appeal followed.

The Act of 1909 (supra) provides that it shall be lawful for anyone against whom an order, judgment or decree directing the payment of money shall have been made by any court of record, upon taking an appeal, "to enter bail in the court below" or "in lieu of entering such bail, deposit with the prothonotary of the said court below, in cash, such amount as the said court shall, upon petition, deem to be sufficient to insure the payment of the amount finally adjudged to be due and owing upon said order, judgment or decree. . . . It is provided that upon the return of the record . . . to the court below, with a remittitur certifying the said judgment . . . to have been affirmed in whole or in part, the prothonotary shall thereupon enter judgment, as of that date, against the appellant for the amount due upon the said judgment . . . as affirmed, with interest and costs as provided by law."

The court below aptly said: "The power of the court to act is, of course, limited to the power conferred upon

it by this Act of Assembly. While it is within the rights of parties, or their counsel of record on their behalf, to attach conditions to such bail or to waive the provisions of the statute entirely, it is not within the power of the court to make such order, or to impose conditions upon or limit the liability of the deposit as to the payment of debt, interest and costs of the judgment, for the law fixes upon such deposits that liability. The order entered in this case can not have any force beyond the point of the authority given to the court by the statute and the court's authority is limited to the fixing of the amount of cash which is to be deposited in lieu of bail."

It is true, as appellants contend, that the petition presented to the court below by the appellants here, who were joint defendants in the judgment recovered in the tort action, set forth that they were "jointly desirous of depositing . . . cash in the sum of $2,650 [as to one judgment] and $350 [as to the other] to insure the amount finally adjudged to be jointly due and owing by them upon the judgment . . . of the court aforesaid." But in response to this petition the court entered an order directing "the prothonotary to accept from Jacques Brockhausen and Emma Brockhausen, his wife, jointly, cash in the amount of twenty-six hundred and fifty dollars *for the purposes of the appeal therein mentioned."* (Italics supplied.) A similar order was made in respect to the deposit of $350 for the purpose of the appeal from the judgment for $308.15 recovered by Edwin H. Arndt in his own right.

In taking their appeal and in electing to deposit *cash* bail in lieu of bail in double the amount of the judgment with security to be approved by the court, the appellants could not impose by agreement any modifications of the statute they invoked. This statute specifically provides that the amount of the deposit shall be "to insure the payment of the amount finally adjudged to be due. . . ." Nothing can be clearer than the fact that this money was deposited by the parties jointly to *satisfy* any

judgment finally adjudged to be due upon the judgments appealed from. The Superior Court decided in *Arndt et al. v. Brockhausen et ux.,* 126 Pa. Superior Ct. 269, 191 A. 362, that on the judgments appealed from there was due from *one* of the "joint defendants," to wit, Emma Brockhausen, the amounts of those judgments. It followed that the sums deposited by these parties and then in the hands of the prothonotary were held for the payment of these judgments, for such was the purpose for which the deposit was accepted.

Appellant's counsel asks: "Why could not Jacques Brockhausen and Emma Brockhausen, his wife, jointly make a cash deposit in lieu of property bond to protect their joint property pending an appeal?" The answer is: They could. It was immaterial to the sovereignty which permits an appeal to operate as a supersedeas under certain prescribed conditions whether these parties deposited cash as two distinct individuals *or* jointly. The important point is that when the desired supersedeas was obtained by the deposit of cash, the latter was available for the satisfaction of the judgments finally rendered after that superseding appeal had been decided. Appellants' argument comes down to this: The deposits made by Brockhausen and wife were made by them as tenants by the entireties and since the judgment finally recovered was a judgment against *one of them alone,* the deposit is as immune against the lien of the judgment finally recovered as would be any property held by this husband and wife as tenants by entireties. The answer to this argument is that the law relating to liens against property held by tenants by entireties has no application to this problem. The prothonotary who held this money as the representative of the Commonwealth did not agree to hold it for two parties *as tenants by entireties,* as, for example, a bank does when it accepts a deposit from husband and wife. The prothonotary held this money *as money* for a certain purpose, to wit, to satisfy the judgments, if any, that should be ultimately secured or to

return the money to those depositing it should the judgments all be reversed. When the court directed the prothonotary "to accept from" these parties "jointly" cash in the amounts specified, it did not intend thereby to order the prothonotary to hold this deposit for these parties as tenants by entireties. Under the statute, it had no power to make such an order, and with the question of tenancies by entireties it did not have in this proceeding the slightest concern. The court used the adverb "jointly" as it is used in common speech. Webster's New International Dictionary defines "jointly" as "so as to be or become liable to a joint obligation." "Joint" is defined as "done or produced by two or more working together." The order of the court simply meant that the prothonotary could accept from the two parties named "working together" the sum stated "in lieu of the property bail" which *otherwise* would be required if the appeal was to operate as a supersedeas. If, for example, these two parties had deposited "jointly" as "cash bail" in a *criminal* case $3,000 which they had taken out of a bank account held by them as tenants by entireties in order to have their appeal operate as a supersedeas, and if it had been adjudged that only one of them should have to comply with the sentence imposed and this one had refused to comply with the sentence and absented herself from the jurisdiction, could there be any doubt that the entire sum would be properly forfeitable?

Appellants say in their paper book: "The judgments entered against Jacques Brockhausen and Emma Brockhausen, his wife, by the plaintiffs in this case, were collectible from three sources. Execution could be issued against Jacques Brockhausen's individual property. It could be issued against Emma Brockhausen's individual property, and it could be issued against their joint property, held by them as tenants by the entireties. There were three entities, so to speak, liable for the payment of these judgments. Jacques Brockhausen could undoubtedly give bond or make a cash deposit in lieu thereof to

prevent execution against his property pending an appeal. Emma Brockhausen could do likewise in respect to her property. Why then could not Jacques Brockhausen and Emma Brockhausen, his wife, jointly make a cash deposit in lieu of property bond to protect their joint property pending an appeal? That is exactly what was done in this case." The error in this argument is in the assumption that the cash was in contemplation of law deposited for the protection of the depositors' joint property. The Commonwealth which permitted because of the deposit the appeal to act as a supersedeas was not concerned with the protection of appellants' property. It was concerned only with the payment of any judgment finally sustained against the defendants or against either of them. If appellants in depositing the money jointly had annexed to it the condition: "We deposit this on the express condition that it shall be returned to us unless judgment is affirmed as to *both* of us," the prothonotary could not have accepted it and executions could have been issued as described by appellants in the above quoted excerpts from their paper book. The deposit stayed the threatened execution. It was something tangible to be held by the prothonotary "to insure the payment of the amount finally adjudged to be due," as the act provides. The *source* of this deposit was immaterial. It was not held by the prothonotary for these appellants as "tenants by entireties." It was held as *a cash deposit* and only for *the purpose defined by statute.*

The judgment is affirmed.